FILED
2022 May-13  PM 02:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JENNIFER LOVELL,
an individual,

      Plaintiff,

                                    CASE NO:

vs.

GYANDEV, LLC,

      Defendant.
_____/

## COMPLAINT

Plaintiff, JENNIFER LOVELL ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues GYANDEV, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Northern District of Alabama

1

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.     Plaintiff, JENNIFER LOVELL (hereinafter referred to as "LOVELL") is a resident of Hoover, Alabama and is a qualified individual with a disability under the ADA.  LOVELL suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from Myalgic Encephalomyelitis, which has substantially limited her ability to walk and caused her to rely upon a wheelchair for mobility.  Prior to instituting the instant action, LOVELL visited the Defendant's premises at issue in this matter for her initial consultation and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA.  LOVELL continues to receive treatment at Defendant's premises and desires and intends to visit the Defendant's premises in the future in connection with said treatment, but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.     The Defendant, GYANDEV, LLC, is a domestic limited liability company registered to do business and, in fact, conducting business in the State of Alabama.  Upon information and belief GYANDEV, LLC, (hereinafter referred to as "GYANDEV") is the owner, lessee and/or operator of the real property and

improvements that are the subject of this action, specifically: Integrated Behavioral Health, located at 4984 Overton Road, Birmingham, Alabama, 35210 (hereinafter referred to as the "Clinic").

5.    All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6.    On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Clinic owned by GYANDEV is a place of public accommodation in that it is a "professional office of a health care provider" operated by a private entity that provides goods and services to the public.

8.    Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Clinic in derogation of 42 U.S.C §12101 *et seq.*

9.      The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Clinic owned by GYANDEV.  Prior to the filing of this lawsuit, Plaintiff personally visited the Clinic at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that she personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Clinic as part of her ongoing treatment, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Clinic in violation of the ADA.  LOVELL has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's, deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     GYANDEV is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

i.      There is no accessible directional signage at the site entry that indicates that the accessible entry, as well as the accessible parking, is in the rear of the building. While there are signs attached to the front doors that indicate that the main entry is in the rear of the building, these signs can't be seen and read from the entry drive and can only be accessed by stairs;

ii.     The van accessible parking space has an adjacent access aisle that has paint that is faded and which is difficult to discern, such that vehicles park in the access aisle, thus blocking a wheelchair user from accessing a vehicle parked in the accessible parking space.

iii.    The van accessible parking space is not designated with raised accessible signage;

iv.     The rear entry ramp has planters that obstruct the accessible route to the accessible entrance by making it too narrow for a wheelchair user to pass;

v.      At the rear entry door, there is a floor mat that has sides that are raised and which is not secure and slip resistant;

vi.     The threshold at the rear entry door has an abrupt, vertical change in level of approximately 2 inches that obstructs a wheelchair user from entering as the threshold is not beveled

vii.    The public toilet rooms are not designated with accessible signage.

viii.   The lavatories in public toilet rooms are pedestal type and do no provide the requisite knee and toe clearances required by a wheelchair user;

ix.     The mirrors in the public toilet rooms are too high for a wheelchair user;

x.     The locks on the toilet compartments in the public toilet rooms require tight grasping, pinching, and twisting of the wrist to operate;

xi.    There is furniture in the wheelchair maneuvering space of the water closet in the public toilet rooms that obstructs a wheelchair user from accessing the water closets.

12.    There are other current barriers to access and violations of the ADA at the Clinic owned and operated by GYANDEV that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, GYANDEV was required to make its Clinic, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, GYANDEV has failed to comply with this mandate.

15.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

6

16.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against GYANDEV and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 13th day of May, 2022.

7

Respectfully submitted,

By: __/s/ Edward I. Zwilling___
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com